MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Facsimile: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

CHRISTOPHER W. WOOD, ESQ. (SBN 193955)
LARRY Q. PHAN (SBN 284561)
DREYER BABICH BUCCOLA WOOD, LLP
10 Almaden Boulevard, Suite 1250
San Jose, CA 95513
Telephone: (408) 275-1300
Facsimile: (408) 275-1331
E-mail: cwood@dbbwlaw.com

Attorneys for Plaintiffs

**FILED**
SEP 11 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH KOENIG and VERONICA KOENIG<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. C 11-4876 HRL<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER<br><br>(RE: Docket No. 57) |

It is hereby stipulated by and between the undersigned Plaintiffs and Defendant the United States of America, by and through their respective attorneys, as follows:

WHEREAS, Plaintiffs filed the above-captioned action on October 3, 2011;

WHEREAS, Plaintiffs and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C 11-4876 HRL

been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Postal Service, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amount**. The United States of America agrees to pay the sum of One Hundred Eighty Thousand dollars ($180,000.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiffs or his or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiffs and his and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type

whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and their guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death. Notwithstanding the foregoing, the United States Postal Service will be responsible for and fully resolve all Medicare liens arising from the July 31, 2009 accident.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiffs' attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiffs will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C                                        3

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by his or her attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check**. The United States Postal Service will prepare a check in the amount of One Hundred Eighty Thousand dollars ($180,000.00) and made payable to Joseph and Veronica Koenig, Plaintiffs, and Dreyer, Babich, Bucolla, Wood LLP, Plaintiffs' attorneys. The check will be mailed to Plaintiffs' attorneys at the following address: Christopher W. Wood, Esq., Dreyer, Babich, Buccola, Wood LLP, 20 Bicentennial Circle, Sacramento, California, 95826. Plaintiffs' attorney agrees to distribute the settlement proceeds to the Plaintiffs.

12. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of

construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: September 10, 2013      _____
                               Plaintiff Joseph Koenig

DATED: September 20, 2013      _____
                               Plaintiff Veronica Koenig

                               DREYER BABIC BUCCOLA WOOD, LLP

DATED: September 10, 2013      By: _____
                               CHRISTOPHER W. WOOD
                               Attorneys for Plaintiffs

////
///
///
///
///

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C                                   5

MELINDA HAAG
United States Attorney

DATED: September 10, 2013     By: /s/ Michael T. Pyle

MICHAEL T. PYLE
Assistant United States Attorney
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 9/11/13

HON. ~~HAROLD L. LLOYD~~ HOWARD R. LLOYD
United States Magistrate Judge

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [~~PROPOSED~~] ORDER
No. C                                    6

# Exhibit A

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Facsimile: (408) 535-5081
Email: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

CHRISTOPHER W. WOOD, ESQ. (SBN 193955)
LARRY Q. PHAN (SBN 284561)
DREYER BABICH BUCCOLA WOOD, LLP
10 Almaden Boulevard, Suite 1250
San Jose, CA 95513
Telephone: (408) 275-1300
Facsimile: (408) 275-1331
E-mail: cwood@dbbwlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH KOENIG and VERONICA KOENIG<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. C 11-4876 HRL<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER** |

It is hereby stipulated by and between the undersigned Plaintiffs and Defendant the United States of America, that the above-captioned action be and hereby is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). Each party shall bear its own fees and costs

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C 11-4876 HRL

except as set forth in the Stipulation and Compromise Settlement and Release approved by the Court.

DATED: September __, 2013     _____
                              Plaintiff Joseph Koenig


DATED: September __, 2013     _____
                              Plaintiff Veronica Koenig


                              DREYER BABIC BUCCOLA WOOD, LLP

DATED: September __, 2013     By: _____
                                  CHRISTOPHER W. WOOD
                                  Attorneys for Plaintiffs




                              MELINDA HAAG
                              United States Attorney

DATED: September __, 2013     By: _____
                                  MICHAEL T. PYLE
                                  Assistant United States Attorney
                                  Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____     _____
                                  HON. HAROLD L. LLOYD
                                  United States Magistrate Judge




STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
No. C                                     2